IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID TIMOTHY MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-cv-473 (MTT) |
| | ) |
| COMMISSIONER OF THE GEORGIA DEPARTMENT OF CORRECTIONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

United States Magistrate Judge Stephen Hyles recommends denying Plaintiff David Moore's second motion for a preliminary injunction.[1]  Doc. 35 at 2-5.  Moore objected, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo the portions of the Recommendation to which he objects.

The Magistrate Judge concluded that the motion is moot because it was filed on October 28, 2020, seeking relief regarding a Nation of Islam fast in December 2020, but the December 2020 fast is now past.  *Id*. at 3.

---

[1] Although Moore styles his motion as a "Motion for a Temporary Restraining Order and/or Preliminary Injunction," it is properly a motion for a preliminary injunction.  Doc. 24 at 1.  Although the terms are sometimes used interchangeably, a TRO usually refers to a short-term emergency order issued to preserve the status quo until the Court can convene a preliminary injunction hearing.  A TRO is often issued without notice to the adverse party and expires after a short amount of time.  A preliminary injunction, on the other hand, is usually entered only after full briefing and lasts until a permanent injunction or final judgment is entered.  *See* Fed. R. Civ. P. 65; *Haitian Refugee Ctr., Inc. v. Baker*, 950 F.2d 685, 686 (11th Cir. 1991) (discussing difference between preliminary injunction and TRO).

The Court understands that Moore is in a bind.  In November 2019, he moved for a preliminary injunction for the December 2019 fast.  Doc. 1.  In June 2020, the Court denied that motion as moot because the December 2019 fast had already passed.  It concluded that "[t]o the extent Plaintiff seeks an injunction prohibiting the Defendants from serving him land animal flesh during the December 2019 fast, his motion is now moot."  Doc. 10 at 7.  The Court further concluded that "[t]o the extent Plaintiff seeks an injunction prohibiting Defendants from serving land animal flesh in the future, his motion should be denied at this time. The facts in this case have not yet been sufficiently developed."  *Id*.  By the time Moore filed his second motion in October, the facts were arguably "sufficiently developed", but by now that motion is again moot.  The Court recognizes that Moore's 2019 motion arguably presented a dispute that was "'capable of repetition, yet evading review,'" and thus the mootness doctrine arguably should not have applied. *United States v. Sec'y, Fla. Dep't of Corr.*, 778 F.3d 1223, 1229 (11th Cir. 2015); see *Jean-Pierre v. Clay*, 2018 WL 5779605, at *4 (M.D. Ga. Oct. 10, 2018), *report and recommendation adopted*, 2018 WL 5779515 (M.D. Ga. Nov. 2, 2018) (applying "capable of repetition, yet evading review" exception to Ramadan); *Lofton v. Williams*, 2016 WL 126408, at *5 n.7 (S.D. Ga. Jan. 11, 2016) (same).  Still, Moore did not make that argument.[2]

As to this motion, the Court nonetheless agrees with the Magistrate Judge that it is moot.  The December 2020 fast is past.  Although the dispute is capable of repetition—the 2021 fast will occur in approximately ten months—the Court is confident that judgment will be entered before then.  The dispositive motion deadline is April 28,

---

[2] Moore did not object to the Recommendation that his 2019 motion be denied and did not argue that the "capable of repetition, yet evading review" exception to the mootness doctrine applied.

2021. Dispositive motions will be ripe by June at the latest, and the Court will either enter judgment or proceed to trial before December. Because the Defendants' alleged restrictions on the December fast can be fully litigated before the fast occurs, there is no reason for preliminary relief.

Put differently, a preliminary injunction would have no effect because a final judgment will be entered before December. The denial of preliminary relief, therefore, will not harm Moore in any way. Accordingly, he cannot show irreparable injury. Similarly, he cannot show that "the threatened injury outweighs the harm the [preliminary injunction] would inflict on the non-movant." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995). If Moore ultimately succeeds on the merits, the Court will enter an injunction requiring the Defendants to allow Moore to properly observe the December 2021 fast, and he will have the relief he seeks.

In sum, Moore's motion is moot as to the 2020 fast. And Moore cannot show any grounds for granting preliminary relief concerning the December 2021 fast. If, somehow, the Court has not yet entered final judgment in this case and cannot conclude a trial prior to December 2021, Moore may renew his motion as an emergency motion for a preliminary injunction. The Court will treat that motion as urgent and expect the Defendants' full cooperation in resolving it before the 2021 fast.

For those reasons, the Recommendation (Doc. 35) is **ADOPTED as modified**, and Moore's second motion for a preliminary injunction (Doc. 24) is **DENIED**.

**SO ORDERED**, this 23rd day of February, 2021.

S/ Marc T. Treadwell  
MARC T. TREADWELL, CHIEF JUDGE  
UNITED STATES DISTRICT COURT