IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID TIMOTHY MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:19-cv-473 (MTT) |
| ) | |
| COMMISSIONER OF THE GEORGIA ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff David Timothy Moore—an inmate within the Georgia Department of Corrections ("GDC") and follower of the Nation of Islam ("NOI")—contends the GDC fails to sufficiently accommodate his faith in violation of the First Amendment's free exercise clause, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and his equal protection rights under the Fourteenth Amendment. Doc. 63 at 1-2 (citing Doc. 1). United States Magistrate Judge Stephen Hyles recommends granting Defendants' motion for summary judgment on all claims. *Id.* at 1.

Following the Magistrate Judge's Recommendation, Moore filed a renewed "Emergency Motion for Preliminary Injunctive Relief," requesting the Court, amongst other things, force the GDC to accommodate NOI dietary restrictions concerning the December Fast.[1] Doc. 64 at 1-2. In response, Defendants argue that Moore's

---

[1] Moore also moves the Court to allow him to "consult with an outside NOI Representative" to craft a daily prison diet that "complies with the NOI's dietary laws and restrictions" after the December 2021 fast has passed. Doc. 64 at 14-15. Finally, Moore requests the Court "schedule a progress conference" and

December Fast dietary concerns were indeed being addressed and attached GDC's "December Fast 2021" memorandum and GDC's "December Fast 2021" menu to support that contention. Docs. 65; 65-1; 65-2. GDC's memorandum instructed GDC staff to provide dietary accommodations to those inmates "that request the December Fast" and included a preliminary menu that, at least in GDC's view, conformed with NOI dietary laws and restrictions. Doc. 65-1.

Moore disagreed. On December 1, 2021, Moore filed a self-titled "status report" which claimed GDC's December Fast 2021 accommodations were still "75% to 100% in violation of the NOI's dietary laws and restrictions." Doc. 66 at 4-5. In support of this claim, Moore attached the "Nation of Islam December Fast" sign-up sheet provided to inmates by the GDC and the very same "December Fast 2021" menu provided to the Court by the Defendants. Docs. 66-1; 66-3. Significantly, Moore's December 1, 2021 "status report" also claimed he never received the Magistrate Judge's Recommendation. Doc. 66 at 2-3. Given that Moore could not object to a recommendation he had not received, the Court directed the Clerk of Court to mail Moore an additional copy of the Recommendation (Doc. 63), along with a copy of Defendants' response and attachments (Docs. 65; 65-1; 65-2) to Moore's "Emergency Motion for Preliminary Injunctive Relief." Doc. 67. On December 20, 2021, Moore requested "that the Court permit him until January 7, 2022 in which to submit objections" to the Recommendation. Doc. 68 at 2. The Court granted that request. Doc. 70.

---

require GDC proffer evidence of the implementation of a "daily diet that accommodates NOI's dietary laws and restrictions." *Id.* at 15. But these matters, as Defendants point out in their response, Doc. 65 at 2, have already been considered by the Magistrate Judge and addressed in his Recommendation. *See generally* Doc. 63.

Moore's December 20, 2021, filing also served as "Plaintiff's Reply to 'Defendants' Response to Plaintiff's Emergency Motion for Preliminary Injunction (Doc. 64).'" Doc. 69 at 1.[2] In his reply, Moore cites generally to "Volume One of 'How to Eat to Live,' authored by The Most Honorable Elijah Muhammad, which gives a comprehensive outline of the dietary laws and restrictions of the NOI." *Id.* at 4 n. 2, 6 (citing Docs. 59-2; 64-5).[3] That book, Moore claims, shows that "75% to 100% of the meals provided to the Plaintiff for the NOI's Fast in December 2021 violate the dietary laws and restrictions of the NOI[.]"[4] *Id.* at 6. Thus, Moore takes issue with the fact that neither the Defendants' nor the Magistrate Judge's Recommendation addressed the book. *Id.* at 4.

But that is probably because neither the Defendants' nor the Court can reasonably determine which of the seventy-one pages in the book (Docs. 59-2; 64-5) support the proposition that "75% to 100% of the meals" provided by the GDC in accommodation of the December Fast remain in violation of NOI's dietary laws and restrictions. Indeed, the Court is under no obligation to do so. *Johnson v. Cty. of Fort Lauderdale, Fla.*, 126 F.3d 1372, 1373 (11th Cir. 1997); *see also Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (courts need not "comb the record" looking for evidence to establish a party's contentions on summary

---

[2] Because Moore's December 20, 2021, filing requested both an extension of time to object to the Recommendation and served as a reply to Defendants' response, the docket reflects two separate events. Nevertheless, both documents and accompanying attachments are the same. *See* Docs. 68; 69.

[3] As Moore correctly notes, a copy of "How to Eat to Live" was attached to "Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment" (Doc. 59-2) and as an attachment to Moore's most recent motion for injunctive relief (Doc. 64-5). Doc. 69 at 4 n. 2.

[4] Specifically, the highlighted portions of GDC's "Regular – D Week (December Fast Supper)" menu "represent foods forbidden by the dietary laws and restrictions of the NOI." Doc. 69 at 6 (citing Doc. 69-4).

judgment); *Pries v. Lexington Ins. Co.*, 508 F. Supp. 2d 1061, 1068 (S.D. Ala. 2007) ("Parties may not, by the simple expedient of dumping a mass of evidentiary material into the record, shift to the Court the burden of identifying evidence supporting their respective positions."). Accordingly, Volume One of "How to Eat to Live" is not considered by the Court.

Moore acknowledges he finally received a copy of the Recommendation on December 7, 2021. Docs. 68 at 2; 68-2. Even with the benefit of an extension (Doc. 70), Moore has failed to file an objection, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the Recommendation for clear error.[5] After review, the Court accepts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 63) is **ADOPTED** and made the Order of the Court. Accordingly, the Defendants' motion for summary judgment (Doc. 42) is **GRANTED**.[6]

**SO ORDERED**, this 26th day of January, 2022.

                                                        S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[5] Even if the Court construed Moore's "Emergency Motion for Preliminary Injunctive Relief" (Doc. 64), "Plaintiff's Status Report of the Case" (Doc. 66), and "Plaintiff's Reply" (Doc. 69) as objections pursuant to 28 U.S.C. § 636(b)(1) and reviewed the Recommendation de novo, the result would be the same for the reasons discussed above.

[6] Because Defendants' motion for summary judgment is granted, Moore's "Emergency Motion for Preliminary Injunctive Relief" (Doc. 64) is **DENIED** as moot.