IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID TIMOTHY MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:19-cv-473 (MTT) |
| ) | |
| COMMISSIONER OF THE GEORGIA ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

### ORDER

Plaintiff David Timothy Moore—an inmate within the Georgia Department of Corrections ("GDC") and follower of the Nation of Islam ("NOI")—contends the GDC fails to sufficiently accommodate his faith in violation of the First Amendment's free exercise clause, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and his equal protection rights under the Fourteenth Amendment.  Doc. 63 at 1-2 (citing Doc. 1).  After granting Moore an extension to file his objections and receiving none by the January 7, 2022, deadline, the Court adopted the findings, conclusions, and recommendations of the Magistrate Judge and granted the defendants' motion for summary judgment on January 26, 2022.  Docs. 70; 71.

The Court received Moore's objections on February 1, 2022.  Docs. 73-1.  While Moore's objections were dated January 7, 2022, his objections were not mailed until January 31, 2022, over three weeks from when that filing was purportedly signed.  Docs. 73-1 at 26; 73-2.  In his subsequent "motion for relief from judgment," Moore

claims to have delivered his objections to the "United States Postal receptacle" on January 7, 2022, and "[w]hat happened after that I don't know." Doc. 74 at 3.

The Court initially construed Moore's objections (Doc. 73-1) and "motion for relief from judgment" (Doc. 74) as motions for reconsideration and ordered the defendants to respond. Doc. 75. Nonetheless, the Court reserved decision on whether to accept Moore's objections as timely filed until the defendants had an opportunity to address Moore's invocation of the prison mailbox rule. *Id.* The defendants responded in opposition, arguing that (1) Moore's objections were not timely filed and that sufficient evidence exists to preclude application of the prison mailbox rule, and (2) neither Moore's objections nor his subsequent motion to vacate warrant relief from judgment. Docs. 76; 77.

After a review of the defendants' response, the Court accepts Moore's objections (Doc. 73-1) as timely filed. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). ("Absent evidence to the contrary," a prisoner's filing "was delivered to prison authorities the day he signed it."). But that doesn't help Moore—in its order adopting the Recommendation, the Court already noted the result would be the same if reviewed *de novo*. Doc. 71 at 4 n.5. In other words, even though the Court now reviews *de novo* the portions of the Recommendation to which Moore objects pursuant to 28 U.S.C. § 636(b)(1), the result is unchanged.

The Court construes Moore's "motion for relief from judgment" (Doc. 74) as a motion for reconsideration. Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed

sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted).  It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law."  *Id*.  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived."  *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Moore does not argue that there has been a change in the law, and he does not point to newly discovered evidence.  Instead, he argues that the Court erred in granting the defendants' motion for summary judgment for a variety of reasons.  See Doc. 74.  The Court disagrees.  Accordingly, Moore's "motion for relief from judgment," (Doc. 74), construed as a motion for reconsideration, is **DENIED**.

**SO ORDERED**, this 19th day of August, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT