# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **DAVID TIMOTHY MOORE,** | : |
| | : |
| **Plaintiff,** | : |
| VS. | :    NO. 5:19-CV-00473-MTT-MSH |
| | : |
| **COMMISSIONER OF THE** | : |
| **GEORGIA DEPARTMENT OF** | : |
| **CORRECTIONS,** *et al.***,** | : |
| | : |
| **Defendants.** | : |
| _____ | : |

## ORDER

Presently pending before the Court is Plaintiff's motion for leave to appeal *in forma pauperis* (ECF No. 82) in which he seeks to appeal the Court's January 26, 2022 Order (ECF No. 71) and January 27, 2022 Judgment (ECF No. 72) adopting the recommendation of the United States Magistrate Judge, granting Defendants' motions for summary judgment, and denying Plaintiff's motion for a preliminary injunction.

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefor if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress."[1] If the trial court certifies in writing that the appeal is not taken in good faith, however, such appeal may not

---

[1] Federal Rule of Appellate Procedure 24 similarly requires a party seeking leave to appeal *in forma pauperis* to file a motion and affidavit that establishes the party's inability to pay fees and costs, the party's belief that he is entitled to redress, and a statement of the issues which the party intends to present on appeal. Fed. R. App. P. 24(a).

be taken *in forma pauperis*. 28 U.S.C. § 1915(a)(3). "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id*.; *see also Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Although Plaintiff does not appear to have included a statement of the issues he intends to appeal in his motion, as is required under Fed. R. App. P. 24(a)(1)(C), this Court's independent review of the issues addressed in the Magistrate Judge's November 9, 2021 Order and Recommendation (ECF No. 63) and the parties' subsequent filings demonstrates that Plaintiff's appeal is frivolous. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the plaintiff). Plaintiff has raised no issues with arguable merit, and therefore the appeal is not brought in good faith.

2

Plaintiff's motion for leave to appeal *in forma pauperis* (ECF No. 82) is accordingly **DENIED**.

If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section 1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

**SO ORDERED**, this 20th day of October, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT